UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARNOLD PRITT and RUTH ANN PRITT, § § Plaintiffs, § § § VS. § § § § § AIR & LIQUID SYSTEMS § CORPORATION, et al., § § § § Defendants. § § | Civil Action No.: 19-10651 |

# CBS CORPORATION'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. §§1442(a)(1) and 1446, CBS Corporation[1] gives notice of removal of an action filed against it in the Supreme Court of New York, County of New York, to the United States District Court for the Southern District of New York. In support, Defendant respectfully offers the following:

**Preliminary Matters**

1. On or about October 10, 2019, plaintiffs Arnold and Ruth Ann Pritt filed this lawsuit in the Supreme Court of New York, County of New York, Index No. 190259/2019, against Westinghouse[2] and other defendants. *See* Summons and Complaint attached hereto as Exhibit A.

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).
[2] In filing this removal petition, Westinghouse does not waive any of its objections or defenses, including those based on lack of personal jurisdiction.

Plaintiffs previously filed a separate but identical Complaint, on or about October 8, 2019, against numerous other defendants. *See* Second Summons and Complaint, Index No. 190258/2019, attached hereto as Exhibit B. The allegations in both cases arise out of plaintiff Arnold Pritt's development of mesothelioma resulting from his alleged exposure to various asbestos-containing products during his service in the U.S. Navy.

2. Plaintiffs served Westinghouse with the Summons and Complaint on October 16, 2019. The Complaint, however, did not state Plaintiffs' claims in a manner or in sufficient detail to inform Westinghouse that the case was removable. *See* 28 U.S.C. §1446(b)(3) (if the initial pleading does not provide details of plaintiff's claims, the 30-day time period begins on the date defendant receives "other paper" specifically indicating grounds for removal).

3. On or about October 28, 2019, Plaintiffs served Westinghouse with their Answers to Defendants' Fourth Amended Standard Interrogatories ("Interrogatory Answers"). *See* Interrogatory Answers attached hereto as Exhibit C. The Interrogatory Answers allege that Mr. Pritt was exposed to asbestos-containing products and equipment, including Westinghouse turbines, while serving in the United States Navy from 1961 to 1964. It is specifically alleged that he sustained these exposures while serving on the USS Purdy and at the Brooklyn Navy Yard.

4. Thus, this Notice of Removal is timely filed in that it is filed within thirty (30) days after Westinghouse's receipt of Plaintiffs' Interrogatory Answers from which it ascertained that this case is removable. 28 U.S.C. § 1446(b).

## Nature Of The Case

5. The case is based on plaintiffs' allegations that Mr. Pritt's asbestos-related disease, specifically mesothelioma, was caused by his exposure to asbestos dust and/or fibers.

6. Plaintiffs assert failure to warn claims against Westinghouse and the other defendants.

**Grounds For Removal**

7.      This Notice of Removal is filed within thirty (30) days of Westinghouse's receipt of plaintiffs' Interrogatory Answers from which it could ascertain that the case was removable. 28 U.S.C. § 1446(b). Westinghouse manufactured marine steam turbines and auxiliary equipment for use on Navy ships pursuant to contracts and specifications executed by the Navy. Westinghouse has confirmed that it manufactured the turbines on the USS Purdy. Thus, the basis for removal is that, in the manufacture and sale of turbines and auxiliary equipment for the Navy, including all aspects of warnings associated with that equipment, Westinghouse was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

8.      Should plaintiffs file a motion to remand this case, Westinghouse respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

9.      As recognized in a landmark decision by the United States District Court for the Eastern District of Pennsylvania (MDL-875) in *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010), Defendant has a federal defense to this action. *See Hagen*. In examining similar evidence submitted in the case at bar, Judge Eduardo C. Robreno found that defendant Foster Wheeler raised a colorable defense to plaintiff's failure to warn claims, *i.e.,* government contractor immunity from liability for injuries arising from any exposure to asbestos related to boilers and auxiliary equipment aboard Navy vessels, insofar as they were designed and manufactured by Foster Wheeler according to strict Navy specifications. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

10. In reaching his conclusion, Judge Robreno discussed in detail the three elements necessary for removal under this statute. First, a defendant must demonstrate that it is a "person" within the meaning of the statute. *Hagen,* at 776. The definition of a "person" includes a corporation. *Id.* Second, defendants must raise a colorable claim to a federal law defense. *Id.* As previously stated, a colorable claim to a federal defense can be predicated upon the federal government contractor defense. *Id.* Third, the defendant must establish that the suit is for any act under color of federal office, i.e., there is a causal connection between the charged conduct and asserted official authority. *Id.* Causation exists if the predicate acts of the state court suit were undertaken while the person was acting as or under a federal officer, and the acts were under color of the relevant federal office. *Id.*

11. The second and third elements require a substantial degree of federal control over defendant's work and a causal nexus between the defendant's actions under the federal officer and plaintiff's state court claims. *Hagen*, at 776. Although set forth in the statute as two separate requirements, Judge Robreno recognized that the evidentiary similarities between the "acting under" and "causal nexus" prongs have often prompted courts to collapse them into one single requirement. *Id.* at 784 [*citing Good v. Armstrong World Indus., Inc.* 914 F. Supp. 1125, 1128 (E.D. Pa 1996) ("The 'acting under' language in the statute forces [the defendant] to show a causal nexus between the plaintiff's claims and the conduct taken pursuant to direction from a federal officer.")].

12. What constitutes sufficient federal control is often central to a court's decision to uphold removal or remand a case. Like the *Hagen* court, federal courts across the country have upheld removal because defendants were sued as a result of designing and manufacturing products pursuant to detailed and strict government specifications. *See Papp v. Fore-Kast Sales Co., Inc.*,

4

842 F.3d 805, 815 (3d Cir. 2016) (government contractor defense was "colorable," meaning that the defense was legitimate and could reasonably be asserted, given the facts presented and the current law); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017) (reversing lower court's grant of remand and finding Foster Wheeler satisfied federal officer removal statutory requirements); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207 (4th Cir. 2017) (reversing lower court's grant of remand and ruling Foster Wheeler's evidence established colorable government contract defense to plaintiff's failure to warn claims); *Cuomo v. Crane Co.,* 771 F.3d 113 (2d Cir. 2014) (Crane Co. provided sufficient evidence that easily cleared the low threshold for asserting a federal contractor defense); *Zeringue v. Crane Co.,* 846 F.3d 785, 789-90 (5th Cir. 2017) (section §1442(a)(1) is a "pure jurisdictional statute" that permits a federal defense "to serve as the federal question that endues the court with jurisdiction"); *Leite v. Crane Co.,* 749 F.3d 1117 (9th Cir. 2014) (plaintiff's failure to warn claims and defendant's government contractor defense is one for the federal and not state court to decide); *Ruppel v. CBS Corporation,* 701 F.3d 1176 (7th Cir. 2012) (reversing lower court decision to remand and finding removal proper where Westinghouse established through affidavits that it had a colorable government contractor defense to plaintiff's claims).

13. The predominant view holds that a colorable federal defense need only be plausible. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *see also* Ruppel, 701 F.3d at 1182. In the context of a "failure to warn" case, **the defendant need not show that the government expressly barred or broadly preempted the inclusion of asbestos warnings on its products**. See *Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431, 438 (5th Cir.) *cert. denied* 531 U.S. 919 (2000) (government contractor defense is available in "failure to warn" claims where the evidence shows that the lack of a warning reflects governmental direction or control rather than

the unfettered discretion of the product's manufacturer, and applies wherever: 1) the government approved or authorized the warnings which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings as approved or authorized by the government; and 3) the manufacturer warned the government as to any product hazards known by the manufacturer but unknown by the government. *Kerstetter,* 210 F.3d at 438).

14. As stressed in *Kerstetter*, "[t]he government need not prepare the specifications to be considered to have approved them." *Id.* at 435. The only material issue is whether the manufacturer's designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. *Id.* While this determination is necessarily fact specific, "substantial review" has plainly been shown upon evidence of a "`continuous back and forth' between the contractor and the government." *Id.* In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id.* Once again, applying these general principles to "failure to warn" claims, the fact that governmental specifications or regulations did not specifically preclude the exact warning desired by the plaintiff does not take a "failure to warn" claim outside the scope of the government contractor defense so long as the government was involved generally as to the issue of product warnings (or specifically approved the warnings provided by the contractor) and was generally aware of the hazard in question. *Id.* at 438. Stated another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in the first place." *Id.* at 438.

15. In designing, manufacturing and supplying the turbines at issue in this case to the United States Navy, Westinghouse acted under the detailed and ongoing direction and control of one or more federal officers. More specifically, Westinghouse manufactured and designed such equipment in accordance with precise, detailed, specifications promulgated by Navy Sea Systems

Command.  Moreover, an Inspector of Naval Machinery ("INM"), who was resident at Westinghouse's manufacturing facility, personally oversaw the manufacturing process and enforced compliance with the Navy's design specifications.  Further, the Westinghouse Navy equipment in question was subject to various tests and trials supervised by the United States Navy before it was approved for use on military vessels.  In sum, all relevant aspects of the design and manufacture of the turbines and/or related equipment were subject to close, detailed and ongoing supervision and control by the United States Navy and its officers.

16. There was no information concerning any asbestos hazard or danger posed by any asbestos-containing product applied to any machinery on a Navy ship known by Westinghouse that was not known to the United States and the Navy. *See* Affidavit of Samuel A. Forman, M.D., dated November 23, 2010, at ¶ 56, attached hereto as Exhibit D.

17. Nowhere is it required that Defendant produce physical contracts to prove the government's extensive direction and control over product specifications to satisfy the requirements of § 1442(a)(1).

18. A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).  The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1).  *Willingham v. Morgan*, 395 U.S. 402, 405 (1960); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) ("right of removal is absolute for conduct performed under color of federal office"); *Kolibash v. Comm. on Legal Ethics*, 872 F.2d 571, 576 (4th Cir.1989) ("right of removal conferred by § 1442(a)(1) is to be broadly construed.").  The removing defendant "need not win his case before he can have it removed" nor even establish that

the defense is "clearly sustainable". *See Ripley*, 841 F.3d at 210 (citing *Willingham*, 395 U.S. at 407).

19. Westinghouse is not required to notify and obtain the consent of any other defendant in this action in order to remove plaintiffs' action as a whole under § 1442(a)(1). *See Torres v. CBS News*, 854 F. Supp. 245 (S.D.N.Y. 1994); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314–15 (9th Cir.1981)([s]ection 1442 is an exception to the general rule that all defendants must join in a notice of removal). When a federal officer removes a case under Section 1442, "the entire case against all defendants, federal and non-federal, is removed to federal court regardless of the wishes of his [sic] co-defendants." *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir.1980)

20. As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon defendant are being filed with this Notice of Removal.

## Conclusion

21. Removal of this action is proper under 28 U.S.C. § 1442, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1442(a)(1) because Westinghouse was acting under an officer or agency of the United States.

WHEREFORE, Westinghouse, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the Supreme Court of New York, County of New York on this 18th day of November, 2019.

                              **TANENBAUM KEALE LLP**

                              /S/ Afigo I. Okpewho-Fadahunsi
                              Afigo I. Okpewho-Fadahunsi
                              100 Mulberry Street

                                        Three Gateway Center, Suite 1301
                                        Newark, New Jersey 07102
                                        (973) 242-0002 (Tel)
                                        (973) 242-8099 (Fax)
                                        afadahunsi@tktrial.com
                                        *Attorneys for Defendant CBS Corporation*

**Cc: Federal Express**
All Known Counsel (via Email and/or Regular Mail)